**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES E. HARRIS, #141411,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CV-1162-MEF |
| | ) | |
| **BOB RILEY, GOVERNOR, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**SPECIAL REPORT**

COME NOW the Defendants, **Governor Bob Riley, Donal Campbell, and Leon Forniss,** and hereby submit the following Special Report.

**PARTIES**

1. The Plaintiff, James E. Harris, is an Alabama Department of Corrections ("ADOC") inmate, who is incarcerated at the Staton Correctional Facility in Elmore, Alabama.

2. Plaintiff has named the following Defendants:

   a. Bob Riley, who is Governor of the State of Alabama;

   b. Donal Campbell, who formerly served as the Commissioner of the Alabama Department of Corrections ("ADOC"); and

   c. Leon Forniss, who is Warden III of Staton Correctional Facility.

## DEFENDANTS' EXHIBITS

In accordance with this Court's Order, the Defendants submit the following exhibit:

1. Exhibit A – Affidavit of Leon Forniss (with attachments).

## NOTICE OF SIMILAR ACTION

In accordance with this Court's order, the Defendants submit notice that the Plaintiff has previously filed an action that includes the same or similar allegations, and that this action was filed and is pending in the United States District Court for the Middle District of Alabama. See *James Edward Harris v. Donal Campbell, et al.*, Case No. 2:05CV496-F.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges a laundry list of what he claims are Eighth Amendment violations. These allegations include overcrowded prisons, inadequate staffing of prisons, unsanitary kitchen conditions, inadequate bathroom facilites, and assaults on mentally ill inmates. Plaintiff requests that the court "conduct[] an inspection of the kitchen and the whole prison and order the state corrections to grant an early release to all inmates 50 years old and older." (Compl. p. 3).

## DEFENDANTS' RESPONSE

Defendants respond to the Plaintiff's complaint as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of Plaintiff's constitutional rights have been violated.

3. Defendants assert the defenses of sovereign immunity and qualified immunity.

4. Defendants Riley and Campbell cannot be held liable under respondeat superior.

## ARGUMENT OF FACT AND LAW

### Plaintiff's Conditions of Confinement Claims are Meritless.

The Plaintiff brings broad and general allegations regarding his conditions of confinement. Eighth Amendment jurisprudence as developed through the years requires the Court to consider specific factors in deciding whether conditions of confinement rise to the level of cruel and unusual punishment. In *Farmer v. Brennen*, 511 U.S. 825 (1994), the Supreme Court summarized the two-part test that must be applied in determining if a prison official violated the Eighth Amendment: (1) The alleged deprivation must be objectively, sufficiently serious. This requires a showing that the official's action or omission resulted in the denial of "'the minimal civilized measure of life's necessities.'" *Id*. at 834 (citations omitted); and (2) the prison official must have a "sufficiently culpable state of mind," which translates to "deliberate indifference" in cases challenging conditions of confinement. *Id.* at 834 (citations omitted).

The subjective component of the test requires the Court to determine if the official acted with a "sufficiently culpable state of mind." *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). In cases challenging prison conditions, the requisite state of mind is deliberate indifference to an inmate's heath or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). *Farmer* provides the following explicit definition of deliberate indifference:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

*Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994), quoted in *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). The standard for a claim of deliberate indifference is: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F. 3d 1248, 1255 (11th Cir. 1999).

The plaintiff alleges that the prison is overcrowded and its bathroom facilities at Staton are inadequate. Plaintiff has failed to present evidence to support his claims, and the evidence submitted herewith by the Defendants shows that his allegations are without merit and that the Defendants are entitled to a summary judgment in their favor. The Plaintiff is currently assigned to dormitory D, which is an open-bay style dormitory housing 68 inmates in each of 3 bays for a total of 204 inmates. (Ex. A p. 2) Each bay has 3 toilets, 3 sinks, 2 showers, and 2 urinals. (Ex. A p. 2) At the time, Plaintiff filed his Complaint, he was assigned to dormitory G, which is also an open-bay style dormitory. Dorm G houses 360 inmates with 18 toilets, 19 sinks, 6 urinals, and 19 showers. (Ex. A p. 2) The prison total population is 1375 inmates. (Ex. A p. 1)

In addition, the Plaintiff alleges that Staton's dining and kitchen facilities are unsanitary. Staton received a score of 95 on its most recent health inspection. (Ex. A) Staton also recently received a new dishwasher, steampots, and refrigerator. (Ex. A)

Another allegation made by the Plaintiff is that mentally ill inmates are the targets of attacks. Notably, the Plaintiff does not allege that he has been the victim of any attack. Mentally challenged inmates at Staton are assigned to dormitory D, where the Plaintiff has recently been assigned. (Ex A p. 2) The officers assigned to this dorm have received specific training in working with mentally challenged inmates. (Ex. A p.2)

The evidence presented by Defendants shows that they did not act with deliberate indifference. The Defendants have shown they did not know of and disregard an excessive risk of harm to the Plaintiff's health or safety. Therefore, they are entitled to a summary judgment in their favor.

### Defendants Cannot Be Liable Based on Supervisory Status.

Another ground supporting a summary judgment in favor of Commissioner Campbell and Governor Bob Riley is the lack of respondeat superior liability in section 1983 cases. Because the Commissioner and Governor have no personal knowledge regarding the Plaintiff, the Plaintiff may be attempting to hold them liable based of the status of their positions. To the extent Plaintiff seeks hold the Defendants liable because of their supervisory status, the claims must be dismissed as there is no respondeat superior liability in section 1983 cases. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992).

**Defendants Should be Granted Summary Judgment on the Grounds of Immunity**

In addition, the Defendants are entitled to a summary judgment on the ground of immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Eleventh Amendment bars suits against a State by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L. Ed. 842 (1890).

It has been well established that, even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L. Ed. 2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor,* 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State, because the Defendants are being sued in their official capacity as employees of the State of Alabama. Thus, the Defendants are absolutely immune from suit, because any award of injunctive relief would require expenditures by the State.

The Plaintiff does not appear to request monetary relief. Because his Complaint is difficult to decipher, and in an abundance of caution, the Defendants also assert that

should the Plaintiff seek money damages, they are protected from an award of damages by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the Defendants consist of discretionary functions, including the administration of prison resources, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. *See Wilson*, 163 F.3d at 1295 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity concerning medical treatment of inmates). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295. Thus, the Defendants would be entitled to qualified immunity should Plaintiff seek monetary damages.

## **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Honorable Court enter a summary judgment in their favor.

        RESPECTFULLY SUBMITTED,

        TROY KING
        ATTORNEY GENERAL

        /s/ ALYCE S. ROBERTSON
        ALYCE ROBERTSON (ROB102)
        ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 342-7554
(334) 242-2433 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing on the following persons, by placing same in the United States Mail, postage prepaid, on this the 2nd day of June, 2006.

James Edward Harris, #141411
Staton Correctional Facility
P.O. Box 56
Elmore, AL 36025

       /s/  ALYCE S. ROBERTSON
      OF COUNSEL